UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, an Iowa corporation,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., as trustee for NATIVIDAD CABALLERO 2007 INSURANCE TRUST, AND ANTONIO CALA 2007 INSURANCE TRUST, and THE CAP ACCUMULATION TRUST,<br><br>Defendants. | Case No. CV 09-03143 DDP (RZx)<br><br>Consolidated With Case No. CV 09-00068 DDP (RZx)<br><br>**[PROPOSED] PROTECTIVE ORDER TO PRESERVE CONFIDENTIALITY OF PERSONAL, FINANCIAL AND MEDICAL INFORMATION ABOUT NON-PARTY WITNESSES** |

Upon consideration of the Stipulation To Entry Of Protective Order To Preserve Confidentiality Of Personal, Financial And Medical Information About Non-Party Witnesses by and between plaintiff Principal Life Insurance Company ("Principal") and defendants Wells Fargo Bank, N.A., solely in its capacity as trustee (the "Trustee") for Natividad Caballero 2007 Insurance Trust and Antonio Cala 2007 Insurance Trust (the "Insurance Trusts"), and The CAP Accumulation Trust, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Principal, the Trustee and The CAP Accumulation Trust (each a "Party" and collectively "the Parties") may designate documents as Protected

1  Material pursuant to the terms of this Stipulation by stamping or affixing the word
2  "CONFIDENTIAL" on each such document or in the case of non-documentary
3  items, by designating the information as "CONFIDENTIAL" in writing or on the
4  record.  If a Party subsequently believes that a document or non-documentary item
5  that has been produced or received contains Protected Material, but was not
6  designated as "CONFIDENTIAL" at the time of production, the Party may
7  designate the document or non-documentary item as "CONFIDENTIAL" by
8  notifying the other Party in writing and, in the case of a document, requesting that
9  the document have the word "CONFIDENTIAL" stamped or affixed thereto.  In the
10  case of deposition testimony, counsel may make the designation on the record, and
11  shall have another 30 days after the transcript is received in order to afford the
12  Parties a further opportunity to designate testimony and exhibits as
13  "CONFIDENTIAL," to the extent not previously so designated.  Deposition
14  transcripts shall be identified as "CONFIDENTIAL" on the cover and title page of
15  each deposition, or volume thereof.  If a Party subsequently believes that deposition
16  testimony or a deposition exhibit contains Protected Material, but was not
17  designated as "CONFIDENTIAL" at the deposition or within 30 days after the
18  deposition transcript was received, the Party may designate the deposition testimony
19  or exhibit as "CONFIDENTIAL" by notifying the other Party in writing and
20  requesting that the word "CONFIDENTIAL" be stamped or affixed to the transcript.
21      2.  A non-party witness may designate Protected Material by stamping or
22  affixing the word "CONFIDENTIAL" on each such document, notifying counsel for
23  the Parties that the witness requests the document(s) be designated and stamped as
24  "CONFIDENTIAL", or, in the case of non-documentary items, by designating the
25  information as "CONFIDENTIAL" in writing or on the record.  In the case of
26  deposition testimony, a non-party witness may make the designation on the record,
27  and shall have another 30 days after the transcript is made available for review in
28

order to afford the witness a further opportunity to designate testimony and exhibits as "CONFIDENTIAL," to the extent not previously so designated.

3. A Party shall only designate as CONFIDENTIAL those documents and items of information which the Party reasonably and in good faith believes contain or constitute Protected Material.

4. Protected Material designated as CONFIDENTIAL and received by a Party through disclosures or discovery, and any information copies or extracted there from, may be used by the receiving Party in connection with the preparation for trial and trial of this action, and for no other purpose.  As used herein, the phrase "preparation for trial and trial of this action" shall mean preparation for, participation in and prosecution and defense of any motion, arbitration, trial, appeal, hearing mediation, review or other judicial proceeding in the above-entitled action and the consolidated action entitled *Wells Fargo Bank, N.A., as Trustee, etc. v Principal Life Insurance Company*, Case No. CV 09-00068-DDP (RZx) (the "Consolidated Action").  Protected Material designated as CONFIDENTIAL and received by a Party through disclosures or discovery shall not be disclosed to the general public and shall not be disclosed to anyone for any commercial, business, or competitive purpose.  Notwithstanding the foregoing, any Party may disclose Protected Material designated as CONFIDENTIAL to:

    a. Experts and consultants retained to assist a Party in the preparation for trial and trial of this action, but only to the extent necessary to enable such experts or consultants to render such assistance and, further, only to such experts and consultants who agree to be bound by the terms of this Stipulation and maintain the confidentiality of the Protected Material;

    b. The Court (including Court personnel and jurors) in this action, in accordance with the provisions of this Stipulation;

    c. Deposition notaries and staff;

     d.    Witnesses or prospective witnesses that a Party's counsel of record may consider deposing or calling at trial, to the extent it is necessary that such information be shown for purposes of conducting the action and, further, only to such witnesses or prospective witnesses who agree to be bound by the terms of this Stipulation and maintain the confidentiality of the Protected Material;

     e.    Witnesses at depositions to the extent it is necessary that such information be shown for purposes of conducting the action and, further, only to such witnesses who agree to be bound by the terms of this Stipulation and maintain the confidentiality of the Protected Material;

     f.    Outside litigation support vendors, including commercial photocopying vendors and scanning services vendors;

     g.    Professional court reporters and videographers engaged to transcribe or videotape testimony in this action;

     h.    Any mediator of this action.

5.   A Party shall not be obligated to challenge the propriety of the designation of a document or thing as CONFIDENTIAL at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any Party to this litigation disagrees at any state of these proceedings with the designation of any information as CONFIDENTIAL, the Party must notify the designating Party or non-party witness in writing of the objection and then attempt in good faith to meet and confer to resolve the objection. If unable to resolve the dispute over the designation, the objecting Party may seek a ruling from the Court on noticed Motion or *ex parte* application. In any such proceeding, the designating Party or non-party witness shall retain the burden of showing that the designated item is Protected Material.

6. Any Party seeking to file Protected Material designated as CONFIDENTIAL with the Court shall do so in accordance with Local Rule 79-5.1 of the Local Rules for Central District of California.

7. The Parties and their counsel of record shall require all persons under their control who may come into contact with any Protected Material designated as CONFIDENTIAL, including all persons to whom they may deliver such Protected Material, to be bound by the same obligations of confidentiality imposed on them hereunder.

8. This Order is not intended to and shall not extend to documents and information obtained by a Party or a non-party witness independent of this action, even if copies or originals of the same documents or information constitute Protected Material disclosed or produced during discovery in this action and are designated as CONFIDENTIAL. By way of example, if a Party receives in discovery an insurance application containing Protected Material that is designated as CONFIDENTIAL, and, independent of this action, the receiving Party had the original or a copy of the same application that was not designated as CONFIDENTIAL, then the receiving Party would be bound by this Order with respect to the copy designated as CONFIDENTIAL, but not with respect to the copy that was obtained independent of this action.

9. The terms and conditions of this Order shall remain in full force and effect and shall survive even after the final resolution of the action unless the terminated or modified by written stipulation of the Parties, or by Order of the Court. The terms of this Order shall not govern the trial of this case, which shall be conducted as ordered by the Court. Protection sought by any Party at trial shall be sought independently of this Order.

10. This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under applicable legal principles to treatment

1  as Protected Material. This Order creates no entitlement to file information
2  designated as Protected Material under seal.

3      11. This Order is not intended to and does not eliminate, change or
4  otherwise affect any constitutional, statutory, regulatory, administrative or other
5  requirement that a non-party witness receive notice that Protected Material is being
6  requested or produced. By way of example only, this Order does not relieve a Party
7  of any notice requirement or obligation under *Sehlmeyer v. Dept. of General*
8  *Services*, 17 Cal. App. 4th 1072 (1993) or California Code of Civil Procedure
9  § 1985.3.

10 DATED: November 19, 2009

12                               Ralph Zarefsky
13                        United States Magistrate Judge